**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1631

_____

UNITED STATES OF AMERICA

v.

EDWIN IRIZARRY,
a/k/a King Penguin,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:05-cr-00044-004)
District Judge: Hon. Gene E. K. Pratter

_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2026

Before: HARDIMAN, SCIRICA, and AMBRO, *Circuit Judges*.

(Filed: July 9, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Edwin Irizarry appeals his judgment of sentence. We will affirm.

I

A member of the Latin Kings gang, Irizarry was charged with sixteen co-Defendants for his participation in a racketeering conspiracy. He was convicted of: (1) one count of conspiracy to participate in the affairs of a racketeering enterprise (RICO), in violation of 18 U.S.C. § 1962(d); (2) one count of attempted murder, and three counts of conspiracy to commit murder, all in violation of 18 U.S.C. § 1959(a)(5); and (3) two counts of using a firearm during and in relation to the commission of a conspiracy to commit murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), and 2.

The District Court sentenced Irizarry to concurrent sentences of life imprisonment for the RICO conspiracy and ten years' imprisonment for each of the attempted murder and conspiracy counts. The Court also sentenced Irizarry to ten years' and twenty-five years' imprisonment for the first and second firearm counts, to run consecutively, in accordance with the mandatory statutory minimums then in effect. So Irizarry's total effective sentence was life imprisonment (for the conspiracy and attempted murder counts) plus thirty-five years (for using a firearm during two of those crimes).

After the Supreme Court held § 924(c)(3)(B) unconstitutional in *United States v. Davis*, 588 U.S. 445 (2019), Irizarry collaterally attacked his sentence. He argued—and the Government agreed—that his two firearm convictions should be vacated. On the remaining four counts, the Government recommended that the District Court resentence Irizzary to the same terms, "resulting in an overall sentence of life imprisonment." App.

2

176. The District Court instead resentenced Irizarry to fifty years' imprisonment on the RICO count, and ten years' imprisonment on each of the four remaining counts, all to run concurrently with credit for time served. He timely appealed.

II[1]

Irizarry's sole contention on appeal—that his sentence was substantively unreasonable—is without merit. He cannot demonstrate that "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the [District Court] provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

At the resentencing hearing, the District Court noted that, "the law ha[d] not changed in so many ways that there [would be] a wildly different outcome for" Irizarry. App. 264. Though two of his six convictions were vacated in light of *Davis*, Irizarry's sentences on those vacated convictions were to run consecutively to his life sentence. So even after those two convictions were vacated, the Court could have resentenced Irizarry to life, as the Government urged, and as it had originally done.

Yet the District Court—after considering Irizarry's steps towards rehabilitation while incarcerated, including taking accountability for his actions—varied downward from the term of life imprisonment recommended by the United States Sentencing Guidelines. The Court imposed a total sentence of 50 years' imprisonment. In doing so, it expressly considered the nature of Irizarry's crimes, emphasizing that he continued to

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review for abuse of discretion. *See United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc).

3

deserve "serious punishment" for his role in violent gang activity. App. 296. The Court stressed that Irizarry had treated "the life of another human being as something to be thrown away," App. 297, and articulated the need to deter others from "following [his] example," App. 306. At the same time, the Court acknowledged Irizarry's "not-inappropriate" level of remorse and his "improved" attitude since his original sentencing hearing over sixteen years earlier. App. 302.

The Court concluded the hearing by stating that, although it had originally intended to reimpose life imprisonment, Irizarry's "deportment" throughout the hearing convinced it to impose a more lenient sentence. App. 311. In doing so, the Court reasonably took all his "history and characteristics" into account while imposing a sentence that adequately reflected the "seriousness of the offense[s]," and the goals of deterrence and protection of the public. 18 U.S.C. § 3553(a).

Because the "record as a whole" demonstrates the District Court's "rational and meaningful consideration of" the sentencing factors, we will affirm the judgment of sentence. *Tomko*, 562 F.3d at 568.